IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 8 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ORLANDO CORREA | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| VICTOR RUBALCABA, in his official | § | |
| Capacity as Trustee and President, | § | |
| Board of Trustees, of Raymondville | § | C.A. No. B-02.093 |
| Independent School District, and OSCAR | § | |
| GUTIERREZ, RAY SOLIS, JOHN R. | § | |
| KELLOGG, ZACARIAS "ZACK" | § | |
| GONZALES, HARRY J. CAVAZOS, | § | |
| And SAM LOYA, in their official | § | |
| capacities as Trustees of Raymondville | § | |
| Independent School District, | § | |

## NOTICE OF REMOVAL

Defendants Victor Rubalcaba, in his official capacity as Trustee and President of the Raymondville Independent School District Board of Trustees, Oscar Gutierrez, Ray Solis, John R. Kellogg, Zacarias "Zack" Gonzales, Harry J. Cavazos, and Sam Loya, in their official capacities as Trustees of Raymondville Independent School District file this, their Notice of Removal pursuant to 28 U.S.C. §§1441(b) and 1446(a), as follows:

### I.

On April 29, 2002, Plaintiff Orlando Correa filed his Original Petition for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment against the defendants in the 197th Judicial District Court of Willacy County, Texas, styled Cause No. 02-108, *Victor Rubalcaba, in his official capacity as Trustee and President, Board of Trustees, of Raymondville Independent School District ("RISD"),and*

*Oscar Gutierrez, Ray Solis, John R. Kellogg, Zacarias "Zack" Gonzales, Harry J. Cavazos, and Sam Loya, in their official capacities as Trustees of Raymondville Independent School District.* A copy of Plaintiff's Original Petition is attached as part of Exhibit 2. Defendants timely filed their Original Answers on May 7, 2002. A copy of Defendants' Answers are attached as part of Exhibit 2.

## II.

Because Plaintiff has asserted violations of federal law in his Original Petition, this case may be removed to this court by defendants on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b).

## III.

Defendants were served with Plaintiff's Original Petition on April 26, 2002. This Notice of Removal is timely filed within thirty (30) days from receipt by defendants of Plaintiff's Original Petition, in accordance with the provisions of 28 U.S.C. § 1446(b).

## IV.

The following items are attached as Exhibits to this Notice of Removal:

(1)     An index of items filed with the Notice of Removal;

(2)     Copies of all pleadings that assert causes of action and all answers to such pleadings;

(3)     A copy of the executed service of process on Defendants;

(4)     A certified copy of the docket sheet from the 197th Judicial District Court of Willacy County; and,

(5)     A list of counsel of record, including the addresses, telephone numbers, and parties represented by the same.

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.

CHARLES WILLETTE
State Bar No. 21509700
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, TX  78521
Telephone:    956/541-1846
Facsimile:    956/541-1893

ATTORNEY FOR DEFENDANTS
GUTIERREZ, SOLIS, KELLOGG,
GONZALES, CAVAZOS AND LOYA

FELDMAN & ROGERS, L.L.P.

RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. No. 15004
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:  713/960-6000
Facsimile:   713/960-6025

ATTORNEY FOR DEFENDANT
VICTOR RUBALCABA

3

## CERTIFICATE OF SERVICE

I hereby certify that on the **8**th day of May, 2002, a true and correct copy of the foregoing was served on all counsel of record *via* U.S. certified mail, addressed as follows:

Kevin O'Hanlon
O'Hanlon & Associates
808 West Avenue
Austin, Texas  78701

Counsel for Defendant

4

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ORLANDO CORREA §
             **Plaintiff,** §
v. §
  §
VICTOR RUBALCABA, in his official §
Capacity as Trustee and President, §
Board of Trustees, of Raymondville §
Independent School District, and OSCAR§    C.A. NO. **B-02.093**
GUTIERREZ, RAY SOLIS, JOHN R. §
KELLOGG, ZACARIAS "ZACK" §
GONZALES, HARRY J. CAVAZOS, §
And SAM LOYA, in their official §
capacities as Trustees of Raymondville §
Independent School District, §

## INDEX

Exhibit 1          .     An index of the items filed with the Notice of Removal

Exhibit 2             Copies of all pleadings that assert causes of action and all answers to such pleadings

Exhibit 3             A copy of the executed service of process on Defendants

Exhibit 4             A certified copy of the Docket Sheet from the 197th Judicial District Court of Willacy County

Exhibit 5             A list of all counsel of record, including the addresses, telephone numbers, and parties represented by same

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ORLANDO CORREA** | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **VICTOR RUBALCABA, in his official** | § | |
| **Capacity as Trustee and President,** | § | |
| **Board of Trustees, of Raymondville** | § | **C.A. NO. B-02.093 1** |
| **Independent School District, and OSCAR** | § | |
| **GUTIERREZ, RAY SOLIS, JOHN R.** | § | |
| **KELLOGG, ZACARIAS "ZACK"** | § | |
| **GONZALES, HARRY J. CAVAZOS,** | § | |
| **And SAM LOYA, in their official** | § | |
| **capacities as Trustees of Raymondville** | § | |
| **Independent School District,** | § | |

## COUNSEL OF RECORD

**Counsel for Plaintiffs**:

Kevin O'Hanlon
O'Hanlon & Associates
808 West Avenue
Austin, Texas 78701
Telephone:    512/494-9949
Facsimile:    512/494-9919
State Bar No. 15235500

Leslie McCollorn
State Bar No. 13431975

Resendo Alamrez
State Bar No. 24010645
702 W. Expressway 83
Weslaco, TX 78596
Telephone: 956/968-9556
Facsimile   956/969-8012

6

**Counsel for Defendants Gutierrez, Solis,**
**Kellogg, Gonzales, Cavazos and Loya**

Charles Willette
State Bar No. 21509700
International Plaza, Suite 460
3505 Boca Chica Blvd.
Brownsville, TX 78521
Telephone:    956/541-1846
Facsimile:    956/541-1893

**Counsel for Defendant Victor Rubalcaba**:

Richard A. Morris
State Bar No. 14497750
Fed. I.D. No. 15004
Feldman & Rogers, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:  713/960-6000
Facsimile:   713/960-6025

7



Cause No. _02-108_

| | |
|---|---|
| ORLANDO CORREA, | § |
| *Plaintiff* | § |
| | § |
| VS. | § |
| | § |
| VICTOR RUBALCABA, in his official | § |
| capacity as Trustee and President, Board of | § |
| Trustees, of Raymondville Independent | § |
| School District, and Oscar Gutierrez, | § |
| Ray Solis, John R. Kellogg, Zacarias "Zack"§ |
| Gonzales,  Harry J. Cavazos, and Sam Loya, § |
| in their official capacities as Trustees of | § |
| Raymondville Independent School District, | § |
| *Defendants* | § |

IN THE DISTRICT COURT

197⁷ᵀ²ᴴ JUDICIAL DISTRICT

WILLACY COUNTY, TEXAS

## ORIGINAL PETITION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT

Plaintiff Orlando Correa, Interim Superintendent of Raymondville Independent School District ("Raymondville ISD, "school district," or "district"), files this his original petition for a temporary restraining order, temporary injunction, permanent injunction, and declaratory judgment against Defendant Victor Rubalcaba, in his official capacity as a Trustee, and President of the Board of Trustees, of Raymondville ISD, and against Defendants Oscar Gutierrez, Ray Solis, John R. Kellogg, Zacarias "Zack" Gonzales, Harry J. Cavazos, and Sam Loya, in their official capacities as Trustees of Raymondville ISD, and in support would show the following:

**I.**
**Parties**

A.  Plaintiff is Orlando Correa, who is currently employed by Raymondville ISD as Interim

Superintendent of Schools, under a written contract of employment. Plaintiff resides in Willacy

County, Texas.

B. Defendants Victor Rubalcaba, Oscar Gutierrez, Ray Solis, John R. Kellogg, Zacarias "Zack"

Gonzales, Harry J. Cavazos, and Sam Loya, are all sued in their official capacities as the duly

elected Trustees of Raymondville Independent School District.  Raymondville ISD is a Texas

1

APR 2 9 2002
8:15

By: _____ Forsec'a, Dist. Clerk, Willacy Co.
Deputy

Independent School District located entirely within Willacy County, Texas, established and operating under the provisions of Titles 1 and 2 of the Texas Education Code. All Defendants reside in and are domiciliaries of Willacy County, Texas. Defendant Victor Rubalcaba is the President of the Raymondville ISD Board of Trustees.

## II.
## Jurisdiction and Venue

A. Jurisdiction:

1. A district court of Willacy County, Texas has jurisdiction over Plaintiff's claims for a termporary restraining order, temporary and permanent injunction, pursuant to Chapter 65, Texas Civil Practice & Remedies Code, specifically §§ 65.011, 65.021, and 65.023, and over Plaintiff's claims for declaratory relief under Chapter 37, Texas Civil Practice & Remedies Code.

2. Notwithstanding the doctrine of exhaustion of administrative remedies, Texas law allow immediate access to the courts in the following well-defined situations, both of which are applicable to this case:

a. For injunctive relief where the exhaustion of administrative remedies will cause irreparable injury, or administrative remedies are inadequate. *Houston Fed'n of Teachers v. Houston I. S.D.*, 730 S.W.2d 644, 646 (Tex. 1987). Administrative remedies are inadequate because the Texas Commission of Education does not have authority under Tex.Educ.Code §7.057 to enjoin actions taken by Defendant in violation of Tex.Educ.Code §21.212(a) or (b). Further, requiring Plaintiff to wait until the Defendants have voted to terminate his contract, as Defendant Rubalcaba has already asserted is what will occur at the meeting to be held at 7:30 P.M. on April 29, 2002, will result in the violation of Plaintiff's clearly established rights under

2

the U.S. Constitution and the Texas Constitution, and under Chapter 21 of the Texas Education Code.

        b.   When an administrative agency acts without authority. *Mitchison v. Houston I.S.D.*, 803 S.W.2d 769, 773 (Tex.App--Houston [14th Dist.], writ denied); *Alvin I.S.D. v. Cooper*, 404 S. W. 2d 76, 78 (Tex. Civ. App. -Houston [ I st Dist. ] 1966, no writ). The Defendants, in their official capacity as Trustees of Raymondville ISD, do not have authority to terminate Plaintiff's employment contract without first issuing either a notice of nonrenewal of the contract as provided by Tex.Educ.Code §21.212(a) and (b), or without first issuing a notice of proposed termination as required by Tex.Educ.Code §21.211(a). It is undisputed that Defendants have not served written notice on Plaintiff of either a notice of proposed nonrenewal, or a notice of proposed termination, as required by Tex.Educ.Code §§ 21.211(a), 21.251, and 21.253, or 21.212(a).

B.  Venue:

      Venue is proper in a district court of Willacy County, Texas, because all Defendants are both residents and domiciliaries of Willacy County, Texas.

III.
Facts

A.  Plaintiff Orlando Correa is currently employed as Interim Superintendent of Raymondville ISD, under a written employment contract for the period from June 8, 2001 through June 30, 2002. See EXHIBIT 1, Affidavit of Orlando Correa, attached and incorporated for all purposes, and Attachment 1 to Exhibit 1 (contract). The Board of Trustees of Raymondville ISD has not voted to propose the nonrenewal of Plaintiff's contract, and likewise has not voted to propose the

3

termination of Plaintiff's contract. See Exhibit 1.

B. The Texas Education Code sets forth exclusive and mandatory procedures for both

nonrenewal and for termination of a superintendent's employment contract. Defendants have not

taken the mandatory actions required to initiate either termination or nonrenewal of Plaintiff's

contract.

1. The exclusive and mandatory procedures for terminating Plaintiff's employment

contract are contained in Tex.Educ.Code §§21.211(a), 21.251, and 21.253. Prior to termination

of a superintendent's contract, these provisions require the Board of Trustees to issue written

notice to the superintendent of the proposed action, i.e. termination. It is undisputed that the

Defendants have not voted, by a majority vote of the Trustees in a duly called meeting at which a

quorum was present, to issue a notice of proposed termination to Plaintiff.

2. The exclusive and mandatory procedures for nonrenewing Plaintiff's employment

contract are contained in Tex.Educ.Code §21.212(a). It is undisputed that the Defendants have

not voted, by a majority vote of the Trustees in a duly called meeting at which a quorum was

present, to issue a notice of proposed nonrenewal to Plaintiff.

C. The proposed action of the Defendant Board of Trustees of Raymondville ISD shown on the

posted agenda for the Special Meeting to be held at 7:30 P.M. on April 29, 2002, i.e. the

termination of the employment contract of Plaintiff as Interim Superintendent of Raymondville

ISD, is in violation of the requirements of Tex.Educ.Code §§21.211(a), 21.251, and 21.253.

Therefore, the proposed action of the Defendants, acting in their capacity as an governmental

administrative body, is illegal, and the Defendants are without legal authority to vote on the

termination of Plaintiff's contract on April 29, 2002, because the Defendants have never issued a

4

notice of proposed termination to Plaintiff.

D. The actions of Defendant Rubalcaba are in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution, and the Texas Constitution. As shown in Exhibit 1, and in the affidavit of Oscar Gutierrez attached to Exhibit 1 as Attachment E, the actions of Defendant Rubalcaba to procure the termination of Plaintiff's employment contract are motivated by Rubalcaba's desire to retaliate against Plaintiff for his exercise of his rights under both the U.S. and Texas Constitutions to support political candidates of his choice, or, as in this case, to refrain from supporting a political candidate. Defendant Rubalcaba has determined to condition Plaintiff's continued employment as Interim Superintendent of Raymondville ISD on Plantiff's support, including monetary campaign contributions, of Defendant Rubalcaba's candidacy for the Democratic nomination as candidate for Texas House of Representatives, District 43. Further, Defendant Rubalcaba has determined to retaliate against Plaintiff for Plaintiff's failure to make a campaign contribution to Rubalcaba's campaign in the primary elections for Texas House of Representatives, District 43, and/or for Plaintiff's failure to provide political support and/or campaign assistance, to Rubalcaba in his campaign to become the nominee of the Democratic Party for Texas House of Representative, District 43. Such conduct by Defendant Rubalcaba constitutes a violation of Plaintiff's clearly established rights under both the U.S. and Texas Constitutions. Further, Defendant Rubalcaba's expressed desire and intention to terminate Plaintiff's employment with Raymondville ISD are actions being taken by Defendant Rubalcaba in bad faith, with malicious intent, and in full knowledge that his actions and conduct are illegal and in violation of both state and federal law.

E. Defendant Rubalcaba has already engaged in illegal retaliation against Plaintiff based on his

5

clearly established rights under both the U.S. and Texas Constitution to be free from retaliation in his public employment for his free exercise of his rights of association and political express by voting against extension of Plaintiff's contract on February 12, 2002. If Defendant Rubalcaba had voted in favor of the extension, Plaintiff's contract would have been extended by a vote of 4-3. Defendant Rubalcaba has made admissions that he voted against extension of Plaintiff's contract because Plaintiff and two other Board members did not make monetary campaign contributions to Defendant Rubalcaba's political campaign.

F. The conduct of Defendant Rubalcaba taken in violation of Plaintiff's clearly established federal and state constitutional rights, constitutes irreparable injury to Plaintiff as a matter of law.

## IV.
### Request for Temporary Restraining Order, and Temporary and Permanent Injunction

Defendant Rubalcaba has stated to Oscar Gutierrez and others, that he intends to procure a majority vote of the Defendants on April 20, 2002, for termination of the employment contract of Plaintiff. Because this action would violate Plaintiff's rights under the applicable provisions of the Texas Education Code, and because this action would also violate Plaintiff's clearly established rights under both the U.S. and Texas Constitution to be free of retaliation in his public employment for exercise of his rights to association and political expression, Plaintiff is entitled to a temporary restraining order prohibiting Defendants from taking a vote in favor of terminating Plaintiff's employment contract at the meeting of the Board of Trustees of Raymondville ISD on April 29, 2002.

Plaintiff will suffer irreparable harm if a temporary restraining order is not issued, because Defendant Rubalcaba has entered into an agreement with Defendants Kellogg, Gonzales,

6

and Cavazos to vote for termination of Plaintiff's contract on April 29, 2002, in retaliation for Plaintiff's exercise of his clearly established federal and state constitutional rights. If, after a hearing on Plaintiff's request for a temporary injunction, the Court determines that a vote of the Defendants on the termination of Plaintiff's employment would not constitute a violation of his constitutional rights, or that any violation of other applicable state and federal law arising from such a vote would not cause irreparable harm to Plaintiff, the Defendants may hold another Board meeting in no less than 72 hours, and may then take the vote. The public interest will be served by the granting of the temporary restraining order requested by Plaintiff, and any delay in the proposed vote by Defendants on the termination of Plaintiff's contract will be minimal, while the violation of Plaintiff's constitutional rights is, as a matter of law, irreparable.

No harm will result to the Defendants by the issuance of a temporary restraining order as requested by Plaintiff, whereas failure to issue the temporary restraining order requested by Plaintiff will result in irreparable harm to Plaintiff, i.e. violation of his constitutional rights. There is insufficient time for the Court to hold a temporary injunction hearing in this matter prior to the Board meeting to be held at 7:30 P.M. on April 29, 2002.

Under the circumstances stated in this petition, Plaintiff asserts that One Hundred Dollars ($100 00), in cash, is a reasonable bond for him to post in support of the requested temporary restraining order.

Plaintiff's counsel has contacted Gustavo L. Acevedo, Jr., attorney for Raymondville ISD, regarding the filing of this Original Petition and the request for a temporary restraining order, but Mr. Acevedo has stated he will not be available on Monday, April 29, 2002, at the time this request for temporary restraining order will be presented due to a prior commitment in San

7

Antonio, Texas, on that date.

Plaintiff prays that the Court issue a temporary restraining order prohibiting Defendants from voting to terminate Plaintiff's employment with Raymondville ISD at the special meeting of the Board of Trustees of Raymondville ISD to be held at 7:30 P.M. on April 29, 2002; set bond in the amount of $100.00 in cash; and set a hearing on Plaintiff's request for a temporary injunction on a date within ten (10) days from the date this petition is filed, and for such other and further relief as the Court may feel Plaintiff is entitled to prior to a hearing on Plaintiff's request for temporary injunction.

After citation and notice of hearing has been duly issued to Defendants, and after hearing on the merits of Plaintiff's request for a temporary injunction, Plaintiff requests the Court to enter a temporary injunction prohibiting all Defendants from voting to terminate Plaintiff's employment contract without first having voted, by a majority vote in a duly convened meeting of the Board of Trustees of Raymondville ISD at which a quorum was present, to issue a written notice of proposed termination to Plaintiff, as required by Tex.Educ.Code §§21.211, 21251, and 21.253; and to enter a temporary injunction prohibiting Defendant Rubalcaba from participating in any future vote by the Board of Trustees of Raymondville ISD regarding the proposed nonrenewal of Plaintiff's employment contract; the nonrenewal of Plaintiff's employment contract; the proposed termination of Plaintiff's employment contract; and the termination of Plaintiff's employment contract.

After final hearing on the merits of this petition, Plaintiff requests the Court to enter a permanent injunction prohibiting all Defendants from voting to terminate Plaintiff's employment contract without first having voted, by a majority vote in a duly convened meeting of the Board

8

of Trustees of Raymondville ISD at which a quorum was present, to issue a written notice of proposed termination to Plaintiff, as required by Tex.Educ.Code §§21.211, 21251, and 21.253; and to enter a permanent injunction prohibiting Defendant Rubalcaba from participating in any future vote by the Board of Trustees of Raymondville ISD regarding the proposed nonrenewal of Plaintiff's employment contract; the nonrenewal of Plaintiff's employment contract; the proposed termination of Plaintiff's employment contract; and the termination of Plaintiff's employment contract, along with all such other and further relief that Plaintiff may show himself entitled to receive, at law or in equity, under state or federal law, after final trial on the merits.

## V.
### Request for Declaratory Judgment

After final hearing on the merits of this petition, Plaintiff requests the Court to enter a declaratory judgment declaring that a vote by the Defendants in their official capacities as Trustees of Raymondville ISD, to terminate Plaintiff's employment contract, absent a prior majority vote in a duly convened meeting of the Board of Trustees of Raymondville ISD at which a quorum was present, to issue a written notice of proposed termination to Plaintiff, would constitute a violation of the statutory requirements for termination of Plaintiff's employment contained in Tex.Educ.Code §§21.211, 21251, and 21.253.

After final hearing on the merits of this petition, Plaintiff requests the Court to enter a declaratory judgment declaring that Defendant Rubalcaba violated Plaintiff's clearly established constitutional rights to free expression, free association, and free exercise of political expression under both the U.S. and Texas Constitutions, by his vote against extension of Plaintiff's contract on February 12, 2002.

After final hearing on the merits of this petition, Plaintiff requests the Court to enter a declaratory judgment declaring that Defendant Rubalcaba violated Plaintiff's clearly established constitutional rights to free expression, free association, and free exercise of political expression under both the U.S. and Texas Constitutions, by placing an item on the posted agenda for the special meeting of the Board of Trustees of Raymondville ISD for April 29, 2002, regarding the termination of Plaintiff's employment contract, along with all such other and further declaratory relief that Plaintiff may show himself entitled to receive, at law or in equity, under state or federal law, after final trial on the merits.

## VI.
### Attorney's Fees

Plaintiff Correa has had to employ O'Hanlon & Associates and Resendo Almarez, attorneys licensed to practice law in the State of Texas, to protect his rights under both the U.S. and Texas Constitutions. Plaintiff Correa is entitled to recover reasonable attorney's fees and costs from Defendant Rubalcaba under 42 U.S.C. § 1988, regarding his suit for injunctive relief for Defendant Rubalcaba's violations of Plaintiff's clearly established constitutional rights, and from Defendant Rubalcaba regarding his suit for a declaratory judgment under Chapter 37, Tex. Civ. Prac. & Rem. Code, under § 37.009, and from all Defendants regarding his suit for a declaratory judgment as to all Defendants under Chapter 37, Tex.Civ.Prac. & Rem. Code, under §37.009, Tex.Civ.Prac. & Rem. Code.

### Prayer for Relief

Plaintiff Orlando Correa prays that:

1)    The Court enter a temporary restraining order prohibiting Defendants from voting to terminate his employment contract with Raymondville ISD at the special meeting of the

Board of Trustees of Raymondville ISD to be held at 7:30 P.M. on April 29, 2002; to set bond for said temporary restraining order in the amount of $100.00 in cash; and to set a hearing on his request for a temporary injunction on a date that is ten days or less from the date this petition was filed; and

2)   After citation and notice of hearing has been served on Defendants, hold a temporary injunction hearing on Plaintiff's request for temporary injunction as required by the Texas Rules of Civil Procedure; and

3)   After hearing on Plaintiff's request for temporary injunction, enter a temporary injunction prohibiting all Defendants from voting to terminate Plaintiff's employment contract without first having voted, by a majority vote in a duly convened meeting of the Board of Trustees of Raymondville ISD at which a quorum was present, to issue a written notice of proposed termination to Plaintiff, as required by Tex.Educ.Code §§21.211, 21251, and 21.253; and to enter a temporary injunction prohibiting Defendant Rubalcaba from participating in any future vote by the Board of Trustees of Raymondville ISD regarding the proposed nonrenewal of Plaintiff's employment contract; the nonrenewal of Plaintiff's employment contract; the proposed termination of Plaintiff's employment contract; and the termination of Plaintiff's employment contract; and

4) After final trial on the merits of this petition, enter:

a) a permanent injunction prohibiting all Defendants from voting to terminate Plaintiff's employment contract without first having voted, by a majority vote in a duly convened meeting of the Board of Trustees of Raymondville ISD at which a quorum was present, to issue a written notice of proposed termination to Plaintiff, as required by Tex.Educ.Code §§21.211, 21251, and 21.253; and

b)  a permanent injunction prohibiting Defendant Rubalcaba from participating in any future vote by the Board of Trustees of Raymondville ISD regarding the proposed nonrenewal of Plaintiff's employment contract; the nonrenewal of Plaintiff's employment contract; the proposed termination of Plaintiff's employment contract; and the termination of Plaintiff's employment contract; and

c) a judgment awarding Plaintiff judgment against Defendant Rubalcaba for reasonable attorney's fees and costs incurred in this action pursuant to 42 U.S.C. §1988, and/or pursuant to §37.009, Tex.Civ.Prac. & Rem. Code, along with all such other and further relief that Plaintiff may show himself entitled to receive, at law or in equity, under state or federal law, after final trial on the merits; and

d) a judgment awarding Plaintiff judgment against all Defendants, jointly and severally, for reasonable attorney's fees and costs incurred in this action pursuant to §37.009, Tex.Civ.Prac. & Rem. Code, along with all such other and further relief that Plaintiff may show himself entitled

to receive, at law or in equity, under state or federal law, after final trial on the merits.

Respectfully submitted,

O'Hanlon & Associates

808 West Avenue
Austin, Texas 78701 (512) 494-9949
FAX: (512) 494-9919

Kevin O'Hanlon
State Bar No. 15235500

Leslie McCollom
State Bar No. 13431975

Resendo Almarez

State Bar No. 24010645
702 W. Expressway 83
Weslaco, Texas 78596
(956) 968-9556
FAX: (956) 969-8012

**Attorneys for Plaintiff ORLANDO CORREA**

### Certificate of Service

I hereby certify that a correct copy of the foregoing was served on April 26, 2002, by facsimile, to:

Mr. Gus Acevedo
1906 Tesoro Blvd.
Pharr, Texas 78577
Fax (956) 783-7884

**Attorneys for Defendants**

Kevin O'Hanlon

12

Cause No. 02-108

| | | |
|---|---|---|
| ORLANDO CORREA | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| VICTOR RUBALCABA, in his official | § | |
| Capacity as Trustee and President, | § | |
| Board of Trustees, of Raymondville | § | |
| Independent School District, and OSCAR | § | OF WILLACY COUNTY, TEXAS |
| GUTIERREZ, RAY SOLIS, JOHN R. | § | |
| KELLOGG, ZACARIAS "ZACK" | § | |
| GONZALES, HARRY J. CAVAZOS, | § | |
| And SAM LOYA, in their official | § | |
| capacities as Trustees of Raymondville | § | |
| Independent School District, | § | 197th JUDICIAL DISTRICT |

## DEFENDANT VICTOR RUBALCABA'S
## ORIGINAL ANSWER

Defendant Victor Rubalcaba files this his Original Answer as follows:

I.

## General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, defendant generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

II.

## Reservation of Right to Amend

Subject to the foregoing general denial, and without waiving the same, defendant specifically reserves the right to answer the allegations contained in Plaintiff's Original Petition more fully at a later date when the facts concerning this matter may be developed

further, such right being held pursuant to the Constitution and the laws of the State of Texas and the Texas Rules of Civil Procedure.

III.

Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Victor Rubalcaba prays that plaintiff take nothing by his suit, and all such further and other relief to which it may show itself justly entitled.

Respectfully submitted,

FELDMAN & ROGERS, L.L.P.

_____
RICHARD A. MORRIS
State Bar No. 14497750
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:  713/960-6000
Facsimile:  713/960-6025

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the ___7th___ day of May, 2002, a true and correct copy of the foregoing was served on all counsel of record *via* United States mail, certified, return receipt requested, as follows:

Kevin O'Hanlon
O'Hanlon & Associates
808 West Avenue
Austin, Texas  78701

_____
Attorneys for Defendant

Cause No. 02-108

| | | |
|---|---|---|
| ORLANDO CORREA | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| VICTOR RUBALCABA, in his official | § | 197TH JUDICIAL DISTRICT |
| capacity as Trustee and President, Board of | § | |
| Trustees, of Raymondville Independent | § | |
| School District, and OSCAR GUTIERREZ, | § | |
| RAY SOLIS, JOHN R. KELLOGG, | § | |
| ZACARIAS "ZACK" GONZALES, | § | |
| HARRY J. CAVAZOS, and SAM LOYA | § | |
| in their official capacities as Trustees of | § | |
| Raymondville Independent School District | § | WILLACY COUNTY, TEXAS |

**DEFENDANTS OSCAR GUTIERREZ, RAY SOLIS, JOHN R. KELLOGG, ZACARIAS "ZACK" GONZALES, HARRY J. CAVAZOS, AND SAM LOYA IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, DEFENDANTS OSCAR GUTIERREZ, RAY SOLIS, JOHN R. KELLOGG, ZACARIAS "ZACK" GONZALES, HARRY J. CAVAZOS, AND SAM LOYA IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT, and files this their Original Answer to Plaintiff's Original Petition for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment and in support thereof would show this Court as follows:

## GENERAL DENIAL

By way of original answer, should same be necessary, these defendants deny each and every, all and singular, the allegations set forth in the Plaintiff's Original Petition for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment and without waiving their rights to file other and further pleadings, motions and discovery, demand that plaintiff be held to the most strict requirements of proof and these defendants be released with costs and without delay and for such other and further relief, both at law and in equity, to which these defendants may show themselves to be justly entitled.

WHEREFORE, PREMISES CONSIDERED, DEFENDANTS OSCAR GUTIERREZ, RAY SOLIS, JOHN R. KELLOGG, ZACARIAS "ZACK" GONZALES, HARRY J. CAVAZOS, AND SAM LOYA IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF RAYMONDVILLE INDEPENDENT SCHOOL DISTRICT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT, pray that upon trial and hearing hereof, that plaintiff take nothing by his suit and that these defendants recover all costs, attorney's fees and legal expenses incurred in defense of this suit and that these defendants have such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Signed on May 7, 2002.

2

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
Charles Willette
State Bar No. 21509700

## CERTIFICATE OF SERVICE

I, hereby certify that on, May 7, 2002 a true and correct copy of the above and foregoing has been served on all counsel of record via Certified Mail, Return Receipt Requested as herein below noted:

Mr. Kevin O'Hanlon
O'Hanlon & Associates
808 West Avenue
Austin, Texas 78701

_____
Charles Willette

5

# EXHIBIT 3

# CITATION

THE STATE OF TEXAS

To  Oscar Gutierrez, Trustee _____

_____

_____

Defendant_____, in the hereinafter styled and numbered cause:  02-108

    YOU ARE HEREBY COMMANDED to appear before the _____ 197th _____ Court _____

of _____ Willacy _____ County, Texas, to be held at the courthouse of said county in the City of

_____ Raymondville _____, _____ Willacy _____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number  02-108 _____, styled

_____

    Orlando Correa _____, Plaintiff____,

vs.  Victor Rubalcaba, in his official capacity as Trustee and President, et al ____, Defendant____ ,

filed in said court on the  29th  day of  April _____, 20 02.

    Plaintiff is represented by  Kevin O'Hanlan _____, whose

address is  808 West Avenue, Austin, Texas 78701 _____

        street            city          state        zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____ 29th _____ day of

April _____, 20 02.

                                    S.V."Chago" Fonseca

                District Clerk of _____ Willacy _____ County, Texas

                546 West Hidalgo, 2nd Floor
                Clerk's address
                Raymondville, Texas 78580

                By _____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
By _____ Deputy

APR 3 0 2002

Reproduction of this form by any person or party is prohibited.

16-c '72—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ⑤                    Hart Graphics—Austin, Texas

# THE STATE OF TEXAS

Orlando Correra

VS.

Victor Rubalcaba ET AL

No. 02-108

In the District Court of 197th

Judicial District, Willacy County

To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:

YOU ARE HEREBY COMMANDED that you serve _Oscar Gutierrez_

_____ the _Respondent_

in the above numbered and entitled cause with the accompanying certified copy of _Original Petition_ for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment, Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville,Cameron Co. Courthouse, 974 E. Harrison.
The present place of residence of the said _Oscar Gutierrez_

_____ is _____

_____ in _Willacy_ _____ County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the ____29th____

day of ____April____ A. D. 19 2002

ATTEST: S.V. "Chago" Fonseca   Clerk ___197th District___ Court

of _____Willacy_____ County, Texas,

By _Theresa Garcia_ , Deputy.

APR 3 0 2002
1.50
S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
Deputy

6-2108—CITATION - PERSONAL SERVICE (DISTRICT OR COUNTY)(Revised 8/96)(Page 1 of 3)       Hart InterCivic

# CITATION

THE STATE OF TEXAS

To   <u>Ray Solis, Trustee</u>

Defendant_____ , in the hereinafter styled and numbered cause: 02-108

YOU ARE HEREBY COMMANDED to appear before the _____<u>197th</u>_____ Court _____

of _____<u>Willacy</u>_____ County, Texas, to be held at the courthouse of said county in the City of

<u>Raymondville</u> , _____<u>Willacy</u>_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number <u>02-108</u> _____ , styled

_____

     <u>Orlando Correa</u> _____ , Plaintiff____ ,

vs. <u>Victor Rubalcaba,in his official capacity as Trustee and President, et al</u> , Defendant____ ,

filed in said court on the _____<u>29th</u> day of _____<u>April</u>_____ , 20<u>02</u> .

     Plaintiff is represented by<u>Kevin O'Hanlan</u> _____ , whose

address is <u>808 West Avenue, Austin, Texas 78701</u> _____

          street          city          state          zip code

     ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____<u>29th</u>_____ day of

<u>April</u> , 20<u>02</u>

                      <u>S.V."Chago" Fonseca</u>

            **District**Clerk of _____<u>Willacy</u>_____ County, Texas

            <u>546 West Hidalgo, 2nd Floor</u>
            Clerk's address
            Raymondville, Texas 78580

            By _____ , Deputy.

## NOTICE

     You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



Reproduction of this form by any person or party is prohibited.

RETURN TO COURT COPY

16-0972—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ©                    Hart Graphics—Austin, Texas

HART

## THE STATE OF TEXAS

Orlando Correra

VS.

Victor Rubalcaba ET AL

No. 02-108

In the District Court of 197th

Judicial District, Willacy County

**To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:**

YOU ARE HEREBY COMMANDED that you serve ____Ray Solis____

_____ the ____Respondent____

in the above numbered and entitled cause with the accompanying certified copy of ____Original Petition for____
Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment
Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction
Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville,Cameron Co. Courthouse,
974 E. Harrison.
The present place of residence of the said ____Ray Solis____

_____ is _____

_____ in ____Willacy____ County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the ____29th____

day of ____April____ A. D. 19 2002

APR 3 0 2002
1:50
S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
Deputy

ATTEST: ____S.V. "Chago" Fonseca____ Clerk ____197th District____ Court

of ____Willacy____ County, Texas,

By ____Theresa Garcia____, Deputy.

# CITATION

THE STATE OF TEXAS

To ___Sam Loya, Trustee_____

_____

_____

Defendant_____, in the hereinafter styled and numbered cause:   02-108

     YOU ARE HEREBY COMMANDED to appear before the _____197th_____ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____, _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number  02-108_____, styled

_____Orlando Correa_____, Plaintiff____,

vs. __Victor Rubalcaba,in his official capacity as Trustee and President, et al__, Defendant____,

filed in said court on the ___29th__ day of ___April____, 20_02_.

    Plaintiff is represented by _Kevin O'Hanlan_____, whose

address is _808 West Avenue, Austin, Texas 78701_____

    street                       city              state             zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____29th_____ day of

_April_____, 20_02_

                                S.V."Chago" Fonseca

                            District Clerk of _____Willacy_____ County, Texas

                            546 West Hidalgo, 2nd Floor

                            Clerk's address
                            Raymondville, Texas 78580

                            By _Marion Ramirez_____Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



Reproduction of this form by any person or party is prohibited.

RETURN TO COURT COPY

16-0972—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ℗                                     Hart Graphics—Austin, Texas

|HART|

## THE STATE OF TEXAS

Orlando Correra

VS.

Victor Rubalcaba ET AL

No. 02-108

In the District Court of 197th

Judicial District, Willacy County

**To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:**

YOU ARE HEREBY COMMANDED that you serve Sam Loya

_____ the Respondent

in the above numbered and entitled cause with the accompanying certified copy of Original Petition for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville,Cameron Co. Courthouse, 974 E. Harrison.
The present place of residence of the said    Sam Loya

_____ is _____

_____ in    Willacy    County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the    29th

day of    April    A. D. 19 2002

APR 3 0 2002

S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
Deputy

ATTEST: S.V. "Chago" Fonseca    Clerk    197th District    Court

of    Willacy    County, Texas,

By    Theresa Garcia    , Deputy.

# CITATION

THE STATE OF TEXAS

To   John R. Kellogg, Trustee

Defendant_____ , in the hereinafter styled and numbered cause:   02-108

     YOU ARE HEREBY COMMANDED to appear before the _____ 197th _____ Court _____

of _____ Willacy _____ County, Texas, to be held at the courthouse of said county in the City of

_____ Raymondville _____, _____ Willacy _____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _____ 02-108 _____ , styled

_____ Orlando Correa _____ , Plaintiff_____ ,

vs. _Victor Rubalcaba, in his official capacity as Trustee and President, et al_ , Defendant_____ ,

filed in said court on the _____ 29th _____ day of _____ April _____ , 20 _02_ .

     Plaintiff is represented by _Kevin O'Hanlan_ _____ , whose

address is _808 West Avenue, Austin, Texas 78701_ _____

              street               city             state           zip code

     ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____ 29th _____ day of

_April_ _____ , 20 _02_ .

                           S.V."Chago" Fonseca

                  District Clerk of _____ Willacy _____ County, Texas

                  546 West Hidalgo, 2nd Floor

                  Clerk's address

                  Raymondville, Texas 78580

            By _____ _Maura Ramirez_ _____ Deputy.

## NOTICE

     You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



FILED

APR 3 0 2002

S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
                       Deputy

Reproduction of this form by any person or party is prohibited.

RETURN TO COURT COPY

16-0972—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ©                                      Hart Graphics—Austin, Texas

HART

## THE STATE OF TEXAS

Orlando Correra
               VS.
Victor Rubalcaba ET AL

No. 02-108

In the District Court of 197th

Judicial District, Willacy County

**To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:**

YOU ARE HEREBY COMMANDED that you serve __John R. Kellogg__

_____ the __Respondent__

in the above numbered and entitled cause with the accompanying certified copy of __Original Petition for Temporary Restaining Order, Temporary and Permanent Injunction, and Declaratory Judgment, Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville,Cameron Co. Courthouse, 974 E. Harrison.__
The present place of residence of the said __John R. Kellogg__

_____ is _____

_____ in _____ County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the __29th__

_____ day of __April__ _____ A. D. 19 2002

ATTEST: __S.V. "Chago" Fonseca__ Clerk __197th District__ Court

of __Willacy__ County, Texas,

By __Theresa Garcia__ , Deputy.

APR 3 0 2002
S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
By_____ Deputy

# CITATION

THE STATE OF TEXAS

To  Zacarias "Zack" Gonzales, Trustee

Defendant_____, in the hereinafter styled and numbered cause: 02-108

YOU ARE HEREBY COMMANDED to appear before the _____197th_____ Court _____

of _____Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

_____Raymondville_____ , _____Willacy_____ County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _02-108_____ , styled

_____Orlando Correa_____ , Plaintiff___,

vs. _Victor Rubalcaba, in his official capacity as Trustee and President, et al_ , Defendant___,

filed in said court on the __29th__ day of ___April___ , 20_02_.

Plaintiff is represented by _Kevin O'Hanlan_ , whose

address is _808 West Avenue, Austin, Texas 78701_

           street          city         state         zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____29th_____ day of

_April_____ , 20_02_

                                   S.V."Chago" Fonseca

                        District Clerk of _____Willacy_____ County, Texas

                        546 West Hidalgo, 2nd Floor

                        Clerk's address

                        Raymondville, Texas 78580

                        By _Marion Ramirez_ Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



             F I L E D

             APR 3 0 2002

             S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.

             By _____ Deputy

Reproduction of this form by any person or party is prohibited.

RETURN TO COURT COPY

16-0972—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ©          Hart Graphics—Austin, Texas

## THE STATE OF TEXAS

Orlando Correra

VS.

Victor Rubalcaba ET AL

No. 02-108

In the District Court of 197th

Judicial District, Willacy County

To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:

YOU ARE HEREBY COMMANDED that you serve Zacarias "Zack" Gonzalez

_____ the Respondent

in the above numbered and entitled cause with the accompanying certified copy of Original Petition for
Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment,
Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction
Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville,Cameron Co. Courthouse,
974 E. Harrison.
The present place of residence of the said Zacarias "Zack" Gonzalez

_____ is _____

_____ in Willacy _____ County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the 29th

day of April _____ A. D. 19 2002

APR 3 0 2002
l 50
("Chago" Fonseca, Dist. Clerk, Willacy Co.
Deputy.

ATTEST: S.V. "Chago" Fonseca    Clerk 197th District Court

of Willacy County, Texas,

By *Theresa Garcia*, Deputy.

16-2108—CITATION—PERSONAL SERVICE—DISTRICT OR ~~~~TY COURT (Revised 8/90) © Class 3-3                    Hart InterCivic

# CITATION

THE STATE OF TEXAS

To ___Harry J. Cavazos, Trustee_____

_____

_____

Defendant_____, in the hereinafter styled and numbered cause: 02-108

    YOU ARE HEREBY COMMANDED to appear before the _____197th_____ Court _____

of ____Willacy_____ County, Texas, to be held at the courthouse of said county in the City of

____Raymondville_____, _____Willacy_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number _02-108_____, styled

_____

____Orlando Correa_____, Plaintiff___,

vs. _Victor Rubalcaba,in his official capacity as Trustee and President, et al__, Defendant___,

filed in said court on the __29th_ day of __April_____, 20_02_.

    Plaintiff is represented by_Kevin O'Hanlan_____, whose

address is _808 West Avenue, Austin, Texas 78701_____

           street                  city           state          zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____29th_____ day of

April_____, 20_02_

                                   ___S.V."Chago" Fonseca_____

                         District Clerk of _____Willacy_____·_____County, Texas

                        _546 West Hidalgo, 2nd Floor_____
                        Clerk's address
                        _Raymondville, Texas 78580_____

                        By _Manon Ramirez_____, Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



Reproduction of this form by any person or party is prohibited.

16-0972—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ⑰                                    Hart Graphics—Austin, Texas

## THE STATE OF TEXAS

Orlando Correra

VS.

Victor Rubalcaba ET AL

No. 02-108

In the District Court of 197th

Judicial District, Willacy County

To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:

YOU ARE HEREBY COMMANDED that you serve  Harry J. Cavazos

_____ the   Respondent

in the above numbered and entitled cause with the accompanying certified copy of  Original Petition for
Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment,
Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction
Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville: Cameron Co. Courthouse,
974 E. Harrison.
The present place of residence of the said   Harry J. Cavazos

_____

_____ is _____

_____ in _____ Willacy _____ County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the _____ 29th _____

day of _____ April _____ A. D. 19 2002

ATTEST:  S.V. "Chago" Fonseca  Clerk _____ 197th District _____ Court

of _____ Willacy _____ County, Texas,

By  *Theresa Garcia* , Deputy.

APR 3 0 2002
1:50
Chago Fonseca, Dist. Clerk, Willacy Co.
Deputy

# CITATION

## THE STATE OF TEXAS

To <u>Victor Rubalcaba, Trustee and President</u>

Defendant_____ , in the hereinafter styled and numbered cause: 02-108

    YOU ARE HEREBY COMMANDED to appear before the _____<u>197th</u>_____ Court _____

of _____<u>Willacy</u>_____County, Texas, to be held at the courthouse of said county in the City of

<u>Raymondville</u>_____ , _____<u>Willacy</u>_____County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number <u>02-108</u>_____ , styled

_____<u>Orlando Correa</u>_____ , Plaintiff____ ,

vs. <u>Victor Rubalcaba,in his official capacity as Trustee and President, et al</u> , Defendant____ ,

filed in said court on the <u>29th</u> day of <u>April</u>_____ , 20<u>02</u> .

    Plaintiff is represented by <u>Kevin O'Hanlan</u>_____ , whose

address is <u>808 West Avenue, Austin, Texas 78701</u>_____ ,

           street                           city                        state                        zip code

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the _____<u>29th</u>_____ day of

<u>April</u>_____ , 20<u>02</u>

                                       S.V."Chago" Fonseca

District Clerk of _____<u>Willacy</u>_____ County, Texas

               546 West Hidalgo, 2nd Floor
Clerk's address
               Raymondville, Texas 78580

By *Maria Ramirez*_____ Deputy.

## NOTICE

    You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.



FILED

APR 3 0 2002

S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
Deputy

Reproduction of this form by any person or party is prohibited.

16-0972—PRECEPT TO SERVE—GENERAL—Either Court—Class 2. (874) ©          Hart Graphics—Austin, Texas

# THE STATE OF TEXAS

Orlando Correra                                    No. _02-108_

VS.                                    _In the District Court of 197th_

Victor Rubalcaba ET AL.                        _Judicial District, Willacy County_

**To The Sheriff Or Any Constable Of Any County Of The State Of Texas, GREETING:**

YOU ARE HEREBY COMMANDED that you serve _Victor Rubalcaba_

_____ the _Respondent_

in the above numbered and entitled cause with the accompanying certified copy of _Original Petition_ for Temporary Restraining Order, Temporary and Permanent Injunction, and Declaratory Judgment, Ex Parte Temporary Restraining Order and Order Setting Hearing for Preliminary Injunction Hearing is hereby set for May 9,2002 @ 9:00 a.m. in Brownsville, Cameron Co. Courthouse, 974 E. Harrison
The present place of residence of the said _Victor Rubalcaba_

_____ is _____

_____ in _____ County, Texas.

HEREIN FAIL NOT, but of this Writ make due return showing how you have executed the same.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, this the _____29th_____

day of _April_____ A. D. 19 2002

ATTEST: _S.V. "Chago" Fonseca_ Clerk _197th District_ Court

of _Willacy_ County, Texas,

By _Theresa Garcia_, Deputy.

# EXHIBIT 4

# CIVIL DOCKET

In the 197th District Court

Case No. 02-108

FORM 16-0036 HART INFORMATION SERVICES, AUSTIN, TX - 800/223-HART ©

Attorneys for Plaintiff
Leslie McCollom
Rosendo Almarez
802 W. Expressway '83
Weslaco, TX 78596

| Number of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | | DATE OF FILING | | |
|---|---|---|---|---|---|---|---|
| | | | | | Month | Day | Year |
| 02-108 | Orlando Correra, | Kevin O'Hanlon | TRO | | 4 | 29 | 02 |
| | | Gus Acevedo | | | | | |
| | | 1906 Tesoro Blvd. | | | | | |
| | VS | Austin, TX 78701 | | | | | |
| | | | Pltf. | | | | |
| | | | Jury Fee. $ | | | | |
| | Victor Rubalcaba, in his official | | | | | | |
| | capacity as Trustee and President, | | Paid by | | | | |
| | Board of Trustees of Raymondville | | | | | | |
| | Independent School District, and Oscar | Pharr, Texas 78577 | | | | | |
| | Gutierrez, Ray Solis, John R. Kellogg, | | Deft. | | | | |
| | Zack Gonzales, Harry J. Cavazos and Sam Loyes | | Jury No. | | | | |
| | in their official capacities 197th C O U R T | | | | | | |

| DATE OF ORDERS | | | | Minute Book | | PROCESS |
|---|---|---|---|---|---|---|
| Mo. | Day | Year | | Vol. | Page | |
| 4 | 29 | 02 | Hearing on Plaintiff's Request for Entry of a Temporary Injunction is here- | | | Original Petition for Temporary Restrain- |
| | | | ing Order, [Temporary and Permanent In- |
| | | | junction, and Declaratory Judgment Fil- |

FEE BOOK
Vol.    Page

Hearing on Plaintiff's Request for Entry of a Temporary Injunction is here-
by set for May 9, 2002 @ 9:00 in the 197th District Court in Brownsville
Judge Lopez/tg

A TRUE COPY OF THE ORIGINAL
I CERTIFY, THIS 10th DAY OF
May 10-2002
S.V. "CHAGO" FONSECA, DISTRICT CLERK
WILLACY COUNTY TEXAS
By _____ Deputy

Original Petition for Temporary Restrain-
ing Order, [Temporary and Permanent In-
junction, and Declaratory Judgment Fil-
4-29-02
Citation Issued 4-29-02
Victor Rubalcaba
Oscar Gutierrez
Ray Solis
John R. Kellogg
Zack Gonzales
Harry J. Cavazos
Sam Loya
Precept Issued 4-29-02
Victor Rubalcaba served 4/30/02 filed 4/30/02
Oscar Gutierrez served 4/30/02 filed 4/30/02
Ray Solis Served 4/30/02 filed 4/30/02
John R. Kellogg Served 4/30/02 filed 4/30/02
Zack Gonzales Served 4/29/02 filed 4/30/02
Harry J. Cavazos Served 4/29/02 filed 4/30/02
Sam Loya Served 4/30/02 filed 4/30/02

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ORLANDO CORREA | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| VICTOR RUBALCABA, in his official | § | |
| capacity as Trustee and President, Board of | § | CIVIL ACTION NO. _____ |
| Trustees, of Raymondville Independent | § | |
| School District, and OSCAR GUTIERREZ, | § | |
| RAY SOLIS, JOHN R. KELLOGG, | § | |
| ZACARIAS "ZACK" GONZALES, | § | |
| HARRY J. CAVAZOS, and SAM LOYA | § | |
| in their official capacities as Trustees of | § | |
| Raymondville Independent School District | § | |

---

## NOTICE TO PLAINTIFF OF REMOVAL OF CIVIL ACTION

---

TO:    ORLANDO CORREA
       by and through his attorney of record:

       Mr. Kevin O'Hanlon
       O'Hanlon & Associates
       808 West Avenue
       Austin, Texas 78701

Pursuant to Title 28 U.S.C. § 1446(b), as amended, you are notified that on May 8, 2002, in

the above entitled and numbered cause (being Cause Number 02-108 in the 197th Judicial District

Court of Willacy County, Texas) DEFENDANT VICTOR RUBALCABA, in his official capacity

as Trustee and President, of the Board of Trustees and DEFENDANTS OSCAR GUTIERREZ, RAY

SOLIS, JOHN R. KELLOGG, ZACARIAS "ZACK" GONZALES, HARRY J. CAVAZOS, AND

SAM LOYA IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF RAYMONDVILLE

INDEPENDENT SCHOOL DISTRICT'S, filed their Notice of Removal in the United States District

Court for the Southern District of Texas, Brownsville Division.  Copies of such Notice and other

papers so filed are enclosed herewith.

        Signed on May 8, 2002.

                                    Respectfully submitted,

                                    WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By:_____
                                    Charles Willette, Jr.
                                    State Bar No. 21509700
                                    USDC Adm. No. 1937

                                    FELDMAN & ROGERS, L.L.P.
5718 Westheimer, Ste. 1200
Houston, Texas 77057
Telephone: 713-960-6000
Facsimile: 713-960-6025

By:_____
                                    Richard A. Morris
                                    Sate Bar No. 14497750
                                    USDC Adm No. 15004

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice to District Clerk of Removal of Civil Action has on May 8, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Kevin O'Hanlon
O'Hanlon & Associates
808 West Avenue
Austin, Texas 78701

Charles Willette, Jr.

## CERTIFICATE OF CONFERENCE

The Local Rules for the United States District Court for the Southern District of Texas do not require a conference for this pleading.

Charles Willette, Jr.

3

Cause No. 02-108

| | | |
|---|---|---|
| ORLANDO CORREA | § | IN THE JUDICIAL DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| VICTOR RUBALCABA, in his official | § | 197TH JUDICIAL DISTRICT |
| capacity as Trustee and President, Board of | § | |
| Trustees, of Raymondville Independent | § | |
| School District, and OSCAR GUTIERREZ, | § | |
| RAY SOLIS, JOHN R. KELLOGG, | § | |
| ZACARIAS "ZACK" GONZALES, | § | |
| HARRY J. CAVAZOS, and SAM LOYA | § | |
| in their official capacities as Trustees of | § | |
| Raymondville Independent School District | § | WILLACY COUNTY, TEXAS |

## NOTICE TO DISTRICT CLERK OF REMOVAL OF CIVIL ACTION

TO :   Mr. Santiago Fonseca
Willacy County District Court
540 W. Hidalgo Street, 2nd Floor
Raymondville, Texas 78580

Please take notice that DEFENDANT VICTOR RUBALCABA, in his official capacity as

Trustee and President, of the Board of Trustees and DEFENDANTS OSCAR GUTIERREZ, RAY

SOLIS, JOHN R. KELLOGG, ZACARIAS "ZACK" GONZALES, HARRY J. CAVAZOS, AND

SAM LOYA IN THEIR OFFICIAL CAPACITIES AS TRUSTEES OF RAYMONDVILLE

INDEPENDENT SCHOOL DISTRICT'S,  in the above-referenced matter, have filed in the United

States District Court for the Southern District of Texas, Brownsville Division, a Notice of Removal

of the cause styled Orlando Correa  vs. Defendant Victor Rubalcaba, in his official capacity as

Trustee and President, of the Board of Trustees and Defendants Oscar Gutierrez, Ray Solis, John R.

Kellogg, Zacarias "Zack" Gonzales, Harry J. Cavazos, and Sam Loya in their official capacities as

trustees of Raymondville Independent School District, originally filed in the 197TH Judicial District Court of Willacy County, Texas, Cause Number 02-108, and that a true and correct copy of said Notice of Removal, is being filed with the Clerk of the said United States District Court for the Southern District of Texas, Brownsville Division, and that the State Court shall proceed no further, unless the cause is remanded. A copy of said Notice of Removal, without copies of attachments, is attached to this notice.

Signed on May 8, 2002

Respectfully submitted,

WILLETTE & GUERRA, L.L.P.
International Plaza, Ste. 460
3505 Boca Chica Blvd.
Brownsville, Texas 78521
Telephone: (956) 541-1846
Facsimile: (956) 541-1893

By: _____
        Charles Willette, Jr.
        State Bar No. 21509700
        USDC Adm. No. 1937


FELDMAN & ROGERS, L.L.P.
5718 Westheimer, Ste. 1200
Houston, Texas 77057
Telephone: 713-960-6000
Facsimile: 713-960-6025

By: _____
        Richard A. Morris
        Sate Bar No. 14497750

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice to District Clerk of Removal of Civil Action has on May 8, 2002, been forwarded via certified mail, return receipt requested to:

Mr. Kevin O'Hanlon
O'Hanlon & Associates
808 West Avenue
Austin, Texas 78701

Charles Willette, Jr.

3